IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-250-BO

PETER C. BENEDITH,                    )
                    Plaintiff,        )
                                      )
v.                                    )                    O R D E R
                                      )
DEPARTMENT OF MEDICINE METRO          )
HEALTH MEDICAL CENTER                 )
CLEVELAND, OH,                        )
                    Defendant.        )

This cause comes before the Court on defendant's motion to dismiss [DE 15] and motion

for an pre-filing injunction [DE 20] against plaintiff. The motions are ripe for consideration. For

the foregoing reasons, defendant's motion to dismiss [DE 15] is GRANTED. Defendant's motion

for a pre-filing injunction [DE 20] is DENIED.

BACKGROUND

Plaintiff Peter Benedith filed a *pro se* complaint against the Department of Medicine Metro

Health Medical Center Cleveland, Ohio for conspiracy to commit murder on June 11, 2021.

MetroHealth System ("MetroHealth"), incorrectly named in plaintiff's complaint, is an Ohio

company that provides medical services exclusively in Ohio and does no business in North

Carolina. Plaintiff is a resident of California. Plaintiff claims that MetroHealth participated in a

conspiracy to murder him or induce him to commit suicide using electronic harassment and

surveillance between 2013 and 2014 in Fayetteville, North Carolina. MetroHealth filed a motion

to dismiss for lack of jurisdiction and for failure to state a claim on August 15, 2021. Plaintiff

responded in opposition.

MetroHealth filed a motion for a pre-filing injunction against plaintiff on September 28, 2021. MetroHealth alleges that plaintiff has filed nine or more non-meritorious lawsuits against MetroHealth in New York, California, and North Carolina. Plaintiff has not filed any complaints, except the instant one, in the Eastern District of North Carolina. Plaintiff's complaints have allegedly been incoherent and unsuccessful. Plaintiff responded in opposition and MetroHealth replied.

DISCUSSION

**I. Motion to Dismiss**

Defendant MetroHealth moved to dismiss [DE 15] the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. First, the Court will address whether it has jurisdiction over this matter.

Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). When a court considers a challenge to personal jurisdiction without an evidentiary hearing and on the papers alone, it must construe the relevant pleadings in the light most favorable to the plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The Court in its discretion declines to hold an evidentiary hearing and will resolve the motion based on the filings of the parties. Thus, plaintiff must make a *prima facie* showing. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009).

Due process requires that a defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

2

*Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted). Two types of personal jurisdiction are recognized: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).

To satisfy due process, a plaintiff asserting general jurisdiction must establish that the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The paradigm bases for general jurisdiction are the place of incorporation and the principal place of business. *Daimler*, 571 U.S. at 137. Only in an "exceptional case" may a corporation be deemed at home and subject to general jurisdiction in any other state. *Id.* at 139 n.19.

The Due Process Clause prohibits a court from exercising specific jurisdiction over a defendant unless that defendant has "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). The Fourth Circuit adapted the traditional three-part test to determine whether a defendant is subject to jurisdiction in a state because of its electronic transmissions to that state. The inquiry considers: "(1) the extent to which the defendant purposely availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 328 (4th Cir. 2013) (quotations omitted).

3

A court may exercise specific jurisdiction over a party to a conspiracy if the plaintiff proves "(1) that a conspiracy existed; (2) that the [defendant] participated in the conspiracy; and (3) that a coconspirator's activities in furtherance of the conspiracy had sufficient contacts with [the state] to subject that conspirator to jurisdiction in [that state]" *Id.* at 329 (4th Cir. 2013). "To satisfy these requirements, the plaintiffs would have to rely on more than 'bare allegations.'" *Id.*

The Court clearly does not have general jurisdiction over MetroHealth. MetroHealth has no affiliation with North Carolina, does no business in North Carolina, and has no employees in North Carolina. MetroHealth is incorporated in Ohio and its primary place of business is Ohio. Defendant has no connections with North Carolina that could be construed as consistent and systematic. *See Int'l Shoe Co.*, 326 U.S. at 316.

Plaintiff appears to assert claims of specific jurisdiction by stating that MetroHealth "ventured out of their State and City," Complaint at 1, to commit crimes in North Carolina. Specifically, the crime of conspiracy to cause plaintiff's death via online harassment and electronic surveillance. Plaintiff alleges no specific actions, over the internet or otherwise, 1) that would lead MetroHealth to purposefully avail itself to the privilege of conducting activities in North Carolina; 2) that MetroHealth directed any action whatsoever at North Carolina; and 3) that would make the exercise of personal jurisdiction constitutionally reasonable. Plaintiff vaguely states that electronic harassment and surveillance happened in Fayetteville, North Carolina from 2013 through 2014, but is unable to name any specific acts, where they originated from, or who perpetrated the acts. Thus, plaintiff cannot demonstrate that MetroHealth had the minimum contacts necessary for this Court to establish specific jurisdiction over MetroHealth. *See Chernuk*, 716 F.3d at 328.

Plaintiff states that MetroHealth was part of a conspiracy to conduct these acts but names no co-conspirators. Without a co-conspirator who potentially had sufficient minimum contacts

4

with North Carolina, plaintiff cannot demonstrate a co-conspirator-based theory of specific jurisdiction. Plaintiff does not present anything more than bare, incoherent allegations about general electronic harassment and surveillance. The Court determines that plaintiff has not demonstrated that the Court has personal jurisdiction over defendant MetroHealth. Accordingly, defendant's motion to dismiss [DE 15] is GRANTED.

## II. Motion for a Pre-Filing Injunction

MetroHealth moves for a pre-filing injunction [DE 20] to enjoin plaintiff Peter C. Benedith from filing future lawsuits against MetroHealth in any forum without first obtaining leave of this Court.

This Court maintains the authority under the All Writs Act, 28 U.S.C. § 1651, "to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Where a *pro se* plaintiff's "vexatious conduct hinders the court from fulling its constitutional duty," courts have placed limits on filing new cases. *Tucker v. Seiber*, 17 F.3d 1434, 1994 WL 66037 at *1 (4th Cir. 1994) (unpublished). This remedy must be used sparingly, and access to the court should not be limited absent exigent circumstances. *Cromer*, 390 F.3d at 817-18. "In determining whether a pre-filing injunction is substantively warranted," this court is required to

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the parties' filings; and (4) the adequacy of other sanctions.

5

*Id.* at 818. The court must narrowly tailor any injunction to fit the specific circumstances justifying the injunction. *Id.* Additionally, before issuing an injunction, a court must give the individual to be enjoined notice and an opportunity to be heard. *Id.* at 819.

There is no doubt that plaintiff Benedith has been pursuing litigation against MetroHealth in various states. However, the instant case is the only case that plaintiff has filed in the Eastern District of North Carolina. The Court does not find that MetroHealth has presented sufficiently exigent circumstances to enjoin plaintiff from filing complaints in *any* forum at this time. Accordingly, defendant's motion for a pre-filing injunction [DE 20] is DENIED.

CONCLUSION

Accordingly, defendant's motion to dismiss [DE 15] is GRANTED. Plaintiff's complaint is DISMISSED with prejudice. Defendant's motion for a pre-filing injunction [DE 20] is DENIED without prejudice. The Clerk of Court is DIRECTED to close the case.

SO ORDERED, this 25 day of January, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE